**Susan ROCHFORD, Plaintiff–Appellant,**

v.

**TRAMMELL CROW COMPANY and Trammell Crow Corporate Services, Inc., Defendants–Appellees.**

No. 02–3346.

United States Court of Appeals, Sixth Circuit.

Nov. 24, 2003.

Philip J. Weaver, Jr., Smith, Marshall, Weaver & Vergon, George Glavinos, Jr., Cleveland, OH, for Plaintiff–Appellant.

Brit K. Seifert, Mary C. Dollarhide, Paul, Hastings, Janofsky & Walker, Stamford, CT, for Defendant–Appellee.

Before KEITH, DAUGHTREY, and GILMAN, Circuit Judges.

PER CURIAM.

The plaintiff, Susan Rochford, appeals from the district court's grant of summary judgment to her former employer, Trammel Crow Company, on her claims of employment discrimination and unequal pay under federal law and her claim of wrongful termination under state law. Rochford contends that she raised genuine issues of material fact sufficient to establish a *prima facie* case of discrimination and that a jury should have been allowed to determine her claims for compensation. We find no error and affirm.

The district court correctly found that the plaintiff was terminated pursuant to a reduction in force, or "RIF." The plaintiff argued that she had been replaced by another employee, a fact that, if shown on the record, would satisfy her burden to establish a *prima facie case* under the circumstances presented here. However, the record shows to the contrary that her duties were turned over to an existing employee after her termination and that this employee, some 11 years Rochford's

senior, assumed her previous responsibilities in addition to his own. Moreover, although she was the only property manager subject to the RIF, six project managers were also terminated as a result of the company's reassessment of their personnel requirements in the Cleveland area. The district court next found that there was no factual support for Rochford's additional claim that she had been singled out for termination due to her gender or age, that she had received unequal pay based on her gender, or that she had been the victim of retaliation because of alleged complaints about her working conditions. Finally, the court determined that there was no legal basis for the plaintiff's claims that she had been terminated in violation of Ohio public policy or that she had suffered actionable emotional distress under state law

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in granting summary judgment to the defendants. Because the reasons why judgment should be entered for the defendants have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose.

Accordingly, we AFFIRM the judgment of the district court based upon the reasoning set out by that court in its opinion and order filed on February 27, 2002.